IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES SALLEY                                                                                          PLAINTIFF

v.                                         Civil No. 04-5019

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff James Salley appealed the Commissioner's denial of benefits to this court. On August 16, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $1,760.00[1] in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 11.5 hours of work before the court at an hourly rate of $140.00 and $150.00 in costs. The defendant has filed a response, expressing no objection to this award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the

---

1. Due to a miscalculation, plaintiff requested $1,840.00. Plaintiff's counsel claimed 11.5 hours at $140.00, which comes to a total of $1,610.00, and $150.00 in costs, for a total of $1,760.00.

Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at a rate of $140.00 an hour based on an increase in the cost of living and attached a copy of the Consumer Price Index. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his motion for fees and has presented evidence of an increase in the cost of living. Therefore, his argument for enhanced fees based on a cost of living increase has merit.

In addition, plaintiff's counsel has requested reimbursement of the filing fee of $150.00. This costs is recoverable under EAJA.

Based on the above, we recommend awarding plaintiff's attorney fees and costs under EAJA in the amount of $1,760.00, representing 11.5 hours at a rate of $140.00 an hour and $150.00 in costs. This amount should be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 9th day of November 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE